# ELIZA CIVILLE

*v.*

# BENITO ZALDUONDO.

---

San Juan, Law, No. 1368.

### MANAGEMENT OF AUTOMOBILES.

Automobile—Speed.

1. The allegation of a rapid rate of speed is indefinite where the law fixes the rate per hour.

Surplusage—Action after Injury.

2. An allegation that the plaintiff was dragged out from under the automobile after the accident is surplusage.

Surplusage—Defendant's Lack of Concern.

3. Allegations as to stopping, reporting, and aiding are proper, but one that defendant manifested no concern is surplusage.

Opinion filed February 6, 1920.

---

*Mr. O. M. Wood* for plaintiff.

*Messrs. Francis & De La Haba* for defendant.

HAMILTON, Judge, delivered the following opinion:

The question upon which most of the argument was expended

Civille v. Zalduondo.

in connection with the demurrer in this case related to the jurisdiction of the court over foreign citizens. The point has already been thoroughly discussed in Cerecedo v. Salazar, ante, 497, decided in this court January 29, 1920 (in manuscript), and the demurrer must be overruled upon the strength of that opinion.

1. The question of what is necessary to be alleged in a suit founded upon an automobile collision is raised by a motion to strike certain allegations deemed to be immaterial. That the defendant was "coming down the street at a rapid rate of speed and gave no notice of his approach, neglecting to sound his horn," would be surplusage unless allowed under the law to regulate the operation of motor vehicles, No. 75, Laws of Porto Rico 1916, p. 140. Sections 12 and 13 thereof call for due care and a rate of speed less than 24 kilometers, and § 12 also requires that warning shall be given. · Nevertheless it would seem that "rapid rate of speed" is too indefinite, as it is not clear whether it means more or less than the 24 kilometer rate mentioned in the act. This statement should be made more definite.

2. The motion also covers the statement in the complaint, that the plaintiff "was dragged out between the wheels of the automobile and taken to the city dispensary." No reason appears for stating that the plaintiff "was dragged out" after the injury sued on. If "dragging out" was wrong, at all events it is not alleged to be the act of the defendant, who apparently did not leave his automobile. This statement should be eliminated.

3. It is also moved that paragraph 3 be struck out. This paragraph alleges that the defendant sat in his car and mani-

fested no concern over the accident, driving on without stopping to examine or do anything. The law requires in art. 12b, that in case of accident the person operating the machine must give his address, report details, take the injured person to the hospital, and the like, and a negation of this duty would be proper in the complaint. But paragraph 3 is rather an argument designed to affect the jury. The statement as to manifesting no concern should be struck out; the rest of the paragraph is not subject to the motion.

The demurrer is overruled, and the motion to strike is granted in the particulars mentioned.

It is so ordered.